Certified Mail™#: 7016 0600 0001 2067 9371

Please record & return one of two copies provided in enclosed self-addressed, postage-paid envelope.

To:
Clerk of Court
Arnow Federal Building
100 North Palafox St.
Pensacola, Florida 32502

From:
Mrs. Tamah Jada Clark
6901-A N. 9th Avenue
Pensacola, Fla [32504]



# IN THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

### Tuesday, July 12, 2016

Tamah Jada Clark,
    Plaintiff

-Vs-

J. Scott Duncan, Thelbert David Morgan, Chase Edward Horn, Jerome Zaid, James Larry Hall, Jr.; Matthew White, Nick Noguerias, William "Bill" Eddins, and Joseph A. Schiller,
    Defendants

At Law, No. 3:16cv401 — LAC-EMT

## ACTION IN TORT AT COMMON LAW FOR

Assault, Battery, False Imprisonment, Trespass to Real Property, Trespass to Personal Property, Conversion, Negligence, Defamation, and Malicious Prosecution

(Pursuant authority granted the court under Article III, Section 2)

---

Filed
Rec'd 0808'16 USDCFln 3PM 1236

1 of 7

# *MEMORANDUM OF LAW*

Lord Holt said, in Ashby v. White, 2 Ld. Raymond, 938 (1703): *"__Every injury imports a damage, though it does not cost the party one farthing, and it is impossible to prove the contrary; for a damage is not merely pecuniary, but an injury imports a damage when a man is thereby hindered of his right.__"* (Emphasis added). See further, Voegler v. City of North Vernon, 103 Ind. 314 (1885); Jewett v. Whitney, 43 Me. 242; Slingerland v. Int. Cont. Co.169 N. Y. 60; 56 L. R. A. 494; Sedgewick on Damages; 2nd Ed. (1909). pp. 19 and 81.

It is said in 1 Joyce on Damages, p. 60, note: *"__Every wrong imputes a damage, and when none other is proved and the evidence shows a clear breach of duty, nominal damages are always recoverable.__"* (Emphasis added). Adams v. Robinson, 65 Ala. 586, 59I, per Somerville, J: *"__Some damages are always presumed to follow from the violation of any right, and, therefore, the law will, in such cases, award nominal damages if none greater be proved.__"* (Emphasis added). Barlow v. Lowder, 35 Ark. 492, per English, C. J. ***: *"__When a right is invaded or a wrong done and no particular damage is proved, the law implies or infers nominal damage.__"* (Emphasis added). Foster v. Elliott, 33 Iowa, 216.

The present suit is instituted for actions resulting in trespasses in the of nature of *injuria sine damno.*[1]

|  | CLASSIFICATIONS OF ACTION | |
|---|---|---|
|  | ■■■■■■■■■■■■■■■■ | INJURIA CUM DAMNO |
| Characteristics of Action | Every violation of legal right imports an injury to that right, and a consequent damage, nominal if not special. For the protection of such a right a prima facie cause of action arises -upon mere commission of the trespassory act. | Upon a general allegation of damage, and in the absence of proof of special damage, the plaintiff is entitled to compensatory damages, and, at the least, to nominal damages for the violated right. |
| Specific Trespasses | Assault, Battery, False Imprisonment, Trespass to Realty, Trespass to Personalty, Conversion, Negligence, Defamation, and Malicious Prosecution |  |

---

[1] *"In actions for a trespass, the trespass itself is a sufficient cause of action."* Smith v. Thackerah, L. R. 1 C. P. 564 (1866).

**NATURE OF THE FORUM/STATEMENT OF JURISDICTION:**
- This dispute is between Citizens of different States.
- This suit is filed in Diversity, pursuant authority granted the court under Article III, Section 2. The matter is to proceed at Law in a court of record, in accordance with the law of the land; not in equity or chancer in accordance with State or Federal statutes, codes, rules, or other regulations.
- The Defendants do not enjoy any form of immunity, as they exceeded their legitimate authority and abused the Power of their office and/or station.
- THE STATE COMMON LAW IS TO BE ADMINISTERED; NOT FEDERAL "LAW".

---------------------------------

# *DECLARATION/OVERVIEW*

COMES NOW, Tamah Jada Clark, a private natural person, in *propia persona*, as a Citizen of Georgia, to prosecute a suit at Common Law against Citizens of the State of Florida for a litany of trespasses and breaches of legal rights, that have indisputably occurred, per their own admission. *(See Escambia County Circuit Courts records—Case numbers 1716CF003027A and 1716CF003022A—and Escambia County Sheriff's Office records).*

**FACTS:**
1) On or about June 14, 2016, Chase Edward Horn, Jerome Zaid, and Nick Nogeuieras conspired to fabricate libelous and defamatory allegations against me, falsely accusing me of being a criminal, or having committed alleged crimes for which I should be made to answer in the Escambia County Circuit Court.
2) On June 14, 2016, J. Scott Duncan exceeded his legitimate authority as a Circuit Court Judge of Escambia County, Florida by knowingly acting outside of his Lawful authority and signing unlawful warrants to trespass my realty and convert[2] my personal property to his own power and authority, have me arrested, and my property search and seized (also through conversion) for allegedly having exercised my right to contract and for the exercise of other private and inherent rights that are without the

---

[2] In order to constitute a conversion, it is necessary either that the party taking the goods should intend some use to be made of them, by himself, or by those for whom he acts, or that, owing to his act, the goods are destroyed or consumed, to the prejudice of the lawful owner. Hiort v. Reg. Co. 4 Exch. Div., 188, where Bramwell, L. J., said': *"A conversion cannot be purged, and if a defendant is guilty of conversion he must pay some damages."*

    State's purview, and therefore without the authority of his judicial Office, for which he himself is liable at Law. [3]
- a. At the time of trespass, I had the right of immediate possession of the real property (house and lands at 910 Fremont Avenue).[4][5]
- b. At the time of conversion, I had a right of possession in the personal property converted—desktop computer, two laptop computers, a tablet computer, thousands of pages of legal papers, personal effects, and heirlooms—over which J. Scott Duncan exercised a dominion inconsistent with my right of possession. All of the aforementioned items were unlawfully taken away from me, valued at $50,000, and J. Scott Duncan has refused to return them upon my demand.

3) On the morning of Wednesday, June 15, 2016 at about 10:00 AM, countless individuals—from the Florida Department of Law Enforcement (FDLE), Federal Bureau of Investigation (FBI), and Escambia County Sheriff's Office (ECSO), "Police Agents"—showed up at my front door armed with assault rifles, under the *alleged* authority of J. Scott Duncan.

4) J. Scott Duncan instructed Police Agents to arrest, detain, and falsely imprison me without producing any form of alleged Lawful authority in the form of a Lawful warrant of any kind. When I opened the door, I was immediately arrested and placed in handcuffs without so much as one word. I was confused as to why they were there and had attempted to ask the reason for their presence, but was ignored. Numerous Police Agents then proceeded to enter my house, weapons drawn, wherein my 6-year-old child was alone.

5) The Police Agents would not even allow me to re-enter my house, in order to at least speak to my son to console him amidst the swarm of armed Police Agents circling around him, inside our house. J. Scott Duncan had instructed that they commit assault and battery on the person my child, whom was put in fear by the belief that they would do him physical harm. J. Scott Duncan also instructed them to assault and batter my person; I was forced, at gun point, to leave my son, whom was then abducted by said

---

[3] It may be premised that every unlawful arrest constitutes a false imprisonment, for which the party causing such arrest is responsible in damages. Lynch v. Met. El. Ry. Co., 90 N. Y. 77 (1882).

[4] *"The person in possession of real property corporeal, whether lawfully or not, may sue for an injury committed by a stranger, or by any person who cannot establish a better title."* 1 Chitty. Pl. 71.

[5] *"Every unauthorized entry upon land in the occupation or possession of another constitutes a trespass, in respect of which an action for damages is maintainable [...] Every trespass upon land is, in legal parlance, an injury to the land, although it consists merely in the act of walking over it, and no damage is done to the soil or grass."* Addison on Torts (8th Ed. 1906) 307

Police Agents and placed with the Florida Department of Law Enforcement, per the unlawful commands of J. Scott Duncan, acting extra-judicially. [6]

6) After being unlawfully arrested and detained, I was abducted and taken to the Sheriff's Office, where I suffered assault, being forced to submit to interrogation, by James Larry Hall, Jr., under the threat of force and physical harm.

7) Thelbert David Morgan, acting outside of his Office as Sheriff of Escambia County, using assault and battery, falsely imprisoned me at the Escambia County Jail working in conspiracy with J. Scott Duncan to subject me to unlawful detention, whom instructed that I be extorted to pay $79,000 to be released.

8) All of the aforementioned breaches of legal rights occurred due to the negligence of J. Scott Duncan and Thelbert David Morgan.[7] Under reasonable circumstances, had either of the aforementioned persons made any genuine effort to properly identify my person, the unlawfulness of their actions and instructions could have been avoided. Any prudent man would not have done what they did.[8][9]
   a. It is J. Scott Duncan's and Thelbert David Morgan's responsibility to follow and uphold the Law, creating a legal duty of care, which they have forsaken.

9) All Defendants have individually committed defamation against me by, in public[10], slandering my person and reputation, having continuously repeated falsehoods about invalid statutory "criminal" allegations—thereby also imputing unfitness for my trade: Law. The said charges, if true, would subject me to an indictment for a crime involving moral turpitude.[11]

---

[6] It is prima facie a battery to apply direct force, in any form or degree, to the person of another, without his permission, express or implied; and it is not essential that the plaintiff should show, in making a prima facie case, either that the injury was willfully committed or that the defendant was in some respect in fault. Conway v. Reed, 66 Mo. 346.

[7] Where the defendant has violated a duty imposed upon him by the common law, he is liable to every person injured, whose injury is the natural and probable consequence of the misconduct." Per Foster, J., in McDonald v. Snelling, 14 Allen (Mass.) 290 (1867); Pittsburg R. R. Co. v. Bingham, 29 Ohio, 364.

[8] Negligence is the *"omission to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a prudent and reasonable man would not do."* Per Alderson, B. in Blythe v. Birmingham Water Works Co. 11 Exch. 781; Vaughn v. Menlove, 3 Bing. N. C. 468.

[9] The defendant, in an action for negligence, is responsible for the natural and proximate consequences of his want of care, whether such consequences could have been reasonably foreseen or not. Ehrgott v. Mayor of N. Y., 96 N. Y. 280 (1884); Hill v. Winsor, 118 Mass. 251 (1875); Stevens v. Dudley, 56 Vt. 158 (1883).

[10] Each repetition of defamation constitutes a new publication. McPherson v. Daniels, 10 B. 65- C. 263 DeCrespigny v. Wellesly, 5 Bing, 392.

[11] Where a defamation, whether in the form of a slander or a libel, is actionable per se, proof of special damage is not required in order to sustain the action. The plaintiff, upon his

10) William "Bill" Eddins and Joseph A. Schiller have attempted to maliciously prosecute me, as a result of the foregoing fraudulent and tortious circumstances. The alleged criminal proceedings were maliciously instituted in the absence of jurisdiction and authority, rendering all subsequent processes and actions as nullities in Law.[12][13] Nevertheless, I have been made to appear to answer for said charges, on multiple occasions, incurring travel and accommodation expenses, as well as a significant decrease in the productivity of my trade due to time be unlawfully and unjustifiably taken away therefrom. To date, the total value of all such expenses and losses is $20,000.

11) As a result of the entire ordeal involving Defendants, I have been essentially forbidden from returning to the house and lands (at 910 Fremont Avenue) of which I am the Lawful owner, to avoid contact with the persons said Defendants had falsely alleged to be victims of the "crimes" they alleged I committed.
   a. I have also been living under constant duress and coercion for nearly two months, essentially exiled and ostracized from my house and community, threatened with false imprisonment and further assault and battery if I attempt to resume the exercise of inherent rights, protected by the Law.
   b. Also, the harm caused to my trade as a Lawyer, is grave. As a result of the false allegation of Defendants acting without the Law, past, present, [and future] damage is incurred that said allegations may adversely affect marketability; and other wrongs to the said plaintiff occur at the hands of Defendants, against the peace. Accordingly:

**DESIRED RELIEF:**

I am asking for general damages in the amount of $149,000 and special damages in the amount of $300,000; as well, that all of my personal property be immediately returned.

*[signature]*

Mrs. Tamah Jada Clark

---

general allegation of damage, may recover substantial damages and must in any event recover at least nominal damages. Sedgewick on Damages (1909), p. 350. '
[12] Malice in law may arise from an act done wilfully, without reasonable excuse—not necessarily only from an act done from ill feeling, spite, or desire to injure another. Pullen v. Glidden, 66 Me. 202; Tucker v. Cannon, 32 Neb. 444.
[13] Sedgewick on Damages (2nd Ed.) 167, says: *"Inasmuch as a criminal prosecution imports injury to reputation, or deprivation of liberty, or expense, or all three, the question of special damage does not properly arise."*

6901-A N. 9th Avenue
Pensacola, Fla [32504]
TamahJClark@gmail.com
(850)512-6642 *(cell phone was unlawfully seized, but I will check my voicemail)*

7 of 7



7016 0600 0001 2067 9371

CERTIFIED MAIL

Mrs. Tamah Jada Clark
6901-A N. 9th Ave. #429
Pensacola, Florida [32504]
United States of America



Clerk of Court
Arnow Federal Building
100 North Palafox St.
Pensacola, Florida [32502]